IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| LESTER AARON SNYDER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALLAN CULVER, et al.,<br><br>　　　　Defendants. | Civil Action No.: 1:24-cv-0758-LKG<br><br>Dated: October 23, 2025 |

## MEMORANDUM

Plaintiff Lester Aaron Snyder filed the above-captioned civil Complaint alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983, together with a Motion for Leave to Proceed in Forma Pauperis which shall be granted. ECF Nos. 1, 2. Because Plaintiff proceeds *in forma pauperis*, this Court is obligated to screen the Complaint for sufficiency. 28 U.S.C. § 1915A. A district court "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i).

A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With those standards in mind, and for the following reasons, Plaintiff's Complaint must be dismissed.[1]

---

[1]　Plaintiff was previously advised that his Complaint, which addresses events that occurred in 2014 (ECF No. 1), appeared to be untimely, and he was instructed to supplement his Complaint to include any information regarding equitable tolling of the statute of limitations. ECF No. 8. Plaintiff responded to the Court's Order and indicated that the Order included information that did not apply to his case. ECF No. 9-2. Plaintiff is correct that the Court's Order inadvertently included information that was not applicable to his case. Nevertheless, the Complaint is still subject to dismissal.

In his Complaint, Plaintiff names as Defendants Allan Culver, Carroll County State Attorney, the Carroll County States Attorney Office, the Maryland State Police Forensic Sciences Division, and Julie B. Kempton, Forensic Scientist III. ECF No. 1. Plaintiff alleges that Defendants violated his constitutional rights during criminal proceedings against him when they conspired "to tamper with and fabricate physical evidence, which defendant has been caught doing in the past." *Id*. at 4. Plaintiff additionally alleges that Defendants' "failure to follow ethical and legal standards" resulted in violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id*. Plaintiff seeks monetary damages. *Id*. at 6.

Review of the Maryland Judiciary Case Search[2] shows that Plaintiff was found guilty of first degree murder and related charges in the Circuit Court for Caroll County on October 5, 2015, and sentenced to life imprisonment. *State v. Snyder*, Case No. 06-K-14-045880 (Cir. Ct. Carroll Cty.). The offense date is listed as October 1, 2014, and the charges were filed on October 30, 2014. *Id*. In addition to other appeals and challenges to his conviction, Plaintiff most recently filed a Motion and Request for a New Trial on October 20, 2025, which remains pending. *Id*.

Plaintiff appears to pursue a civil action based on alleged deficiencies in his criminal case in state court. Such a cause of action is prohibited under the Supreme Court's decision in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in an action under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. *Id.* "A prisoner may not recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, without first having that conviction or sentence reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Supreme Court affirmed this principle in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his

---

[2] https://casesearch.courts.state.md.us/casesearch/inquiry-search.jsp (last visited October 22, 2025). Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* Plaintiff's claims are therefore dismissed without prejudice.[3]

A separate Order follows.

October 23, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge

---

[3] To the extent Plaintiff believes he is detained in violation of the constitution or laws of the United States he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.